UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x

SENIOR HEALTH INSURANCE COMPANY    :
OF PENNSYLVANIA,     :

     Plaintiff,    :

     v.    :

LINCOLN INTERNATIONAL LLC and    :
LINCOLN PARTNERS ADVISORS LLC,    :

     Defendants.    :

------------------------------------------------------------------x

Case No. 19-cv-07137 (JSR)

## PLAINTIFF SENIOR HEALTH INSURANCE COMPANY OF PENNSYLVANIA'S MEMORANDUM OF LAW IN SUPPORT OF ITS <u>MOTION FOR RECONSIDERATION</u>

## <u>TABLE OF CONTENTS</u>

PRELIMINARY STATEMENT ........................................................................................ 1

BACKGROUND ........................................................................................................... 2

LEGAL STANDARD..................................................................................................... 3

ARGUMENT................................................................................................................. 4

      I.      THE COURT OVERLOOKED CONTROLLING LAW BY
            DISMISSING THE COMPLAINT WITH PREJUDICE WITHOUT
            CLEAR EVIDENCE OF SHIP'S MISCONDUCT AND WITHOUT
            CONSIDERING LESSER SANCTIONS……………………………..4

            A.     The Court Did Not Find Clear Evidence of SHIP's Willfulness,
                   Bad Faith, or Reasonably Serious Fault…………………………..5

            B.     The Court Did Not Give Adequate Consideration To Lesser
                   Sanctions Other Than Dismissal With Prejudice…………………7

CONCLUSION............................................................................................................ 10

# <u>TABLE OF AUTHORITIES</u>

**Cases**

*Gaind v. Pierot*,
 No. 04-cv-9407 (TPG), 2006 WL 846268, at *4 (S.D.N.Y. March 31, 2006) .............. 7
Aczel v. Labonia,
 584 F.3d 52 (2d Cir. 2009) ........................................................................................... 3
*Assurance Co. of Am. v. Square D Co.*,
 201 F.3d 84 (2d Cir. 2000) ........................................................................................... 7
*Dodson v. Runyon*,
 86 F.3d 37 (2d Cir. 1996) ............................................................................................. 8
*Fido's Fences, Inc., v. Radio Systems Corp. & Invisible Fences, Inc.*,
 999 F. Supp.2d 442, (E.D.N.Y 2014) ........................................................................... 7
*Lucas v. Miles*,
 84 F.3d 532 (2d Cir. 1996) ........................................................................................... 4
Mickle v. Morin,
 297 F.3d 114 (2d Cir. 2002) ......................................................................................... 4
*Mitchell v. Lyons Professional Services*,
 708 F.3d 463 (2d Cir. 2013) ......................................................................................... 1
Nagler v. Admiral Corp.,
 248 F.2d 319 (2d Cir. 1957) ....................................................................................... 10
*Nita v. Conn. Dep't of Envtl. Protec.*,
 16 F.3d 483 (2d Cir. 1994) ........................................................................................... 7
*Quaco v. Liberty Insurance Underwriters Inc.*,
 No. 17-cv-7980 (RJS), 2019 WL 3564548, at *1 (S.D.N.Y. Aug. 5, 2019) ................. 3
*Richard Feiner & Co. v. BMG Music Spain*,
 No. 01-cv-937 (JSR), 2003 WL 21496812, at *1 (S.D.N.Y. June 27, 2003) ................ 9
Semtek Int'l Inc. v. Lockheed Martin Corp.,
 531 U.S. 497 (2001) ..................................................................................................... 8
*Shrader v. CSX Transportation, Inc.*,
 70 F.3d 255 (2d Cir. 1995) ........................................................................................... 3
*Societe Internationale Pour Participations Industrielles Et Commerciales, S. A. v.
 Rogers*, 357 U.S. 197 (1958) ......................................................................................... 6

**Rules**

FED. R. CIV. P. 41(b) .......................................................................................................... 10

ii

Plaintiff Senior Health Insurance Company of Pennsylvania ("SHIP") respectfully submits this memorandum of law, together with the accompanying Declaration of Dov Gold ("Gold Decl."), in support of its motion for reconsideration of the Court's August 20, 2019 order (the "Order") dismissing with prejudice SHIP's complaint against Lincoln International LLC and Lincoln Partners Advisors LLC (collectively, "Lincoln"), and the resulting judgment entered on August 21, 2019 (the "Judgment").

## PRELIMINARY STATEMENT

The Court has dismissed SHIP's complaint with prejudice after finding that SHIP violated a scheduling order.   SHIP does not question this Court's broad authority to manage its own docket, including the authority to dismiss a complaint with prejudice when warranted.  But under controlling Second Circuit law, sanctioning a litigant via a dismissal with prejudice for violation of a court order is limited to "extreme situations" and must be supported by "clear evidence of misconduct and a high degree of specificity in the factual findings."[1]  The Court must also consider the availability of lesser sanctions, and only impose the drastic and disfavored remedy of dismissal with prejudice "upon a finding of willfulness, bad faith, or reasonably serious fault[.]"  *Id.*

Here, without notifying the parties that it was considering such a harsh sanction, and without the requisite finding of bad faith or contumacious misconduct, the Court dismissed SHIP's Complaint with prejudice.  Accordingly, and as more fully explained below, the Court should reconsider its ruling and permit SHIP's Complaint to proceed, with appropriate measures to ameliorate any prejudice to Lincoln.   At the very least, the

---

[1] *Mitchell v. Lyons Prof'l Servs.*, 708 F.3d 463, 467 (2d Cir. 2013) (citations and quotations omitted).

1

Court should amend its ruling and dismiss SHIP's Complaint without prejudice to allow SHIP to bring its claims and vindicate its rights in another court.

## BACKGROUND

On August 7, 2019, during a conference with the parties, the Court ordered SHIP to submit a letter explaining why this action should proceed even though the Complaint was filed on July 30, 2019, after a May 15, 2019 deadline to add new parties or assert new claims set forth in a scheduling order entered in the consolidated actions in *In re Platinum-Beechwood*, No. 18-cv-6658. The Court permitted Lincoln to respond to SHIP's letter, but directed that SHIP would have no reply and that there would be no oral argument.

In its letter, Dkt. No. 15, SHIP contended that there was good cause for SHIP's delay, because in April 2019, SHIP discovered the need to retain conflicts counsel; new counsel had no familiarity with the voluminous record in the consolidated actions; and the new complaint against Lincoln required internal and regulatory approvals with long lead times. SHIP contended that Lincoln would not be prejudiced if this lawsuit proceeds because, *inter alia*, discovery in the consolidated actions will not end until December 31, 2019 and no depositions of any Lincoln personnel have occurred.

Lincoln's response contended, *inter alia*, that it would likely need to seek to postpone depositions of SHIP's witnesses that are scheduled for late September 2019 to allow time for more discovery from SHIP, and that "the rescheduling of many other depositions" would "impos[e] meaningful costs on all of the parties." Dkt. No. 14 at 5.

On August 20, without any notice to the parties that a dismissal with prejudice was being considered, the Court issued its Order. Dkt No. 16. The Order found that while SHIP's letter brief "may explain why there was a delay in the filing" of the Complaint, "SHIP's letter does not explain why SHIP or its counsel, prior to the deadline, did not ask

2

this Court for an extension of the deadline."  Order at 3.   The Court stated that "SHIP offers no explanation for this failure, presumably because it has none."  *Id*.   There was no finding that SHIP acted willfully or in bad faith; only a presumption that SHIP had no explanation for its failure to seek an extension.

The Court also found that Lincoln and other parties would be prejudiced if SHIP's claims proceeded, because postponement of depositions of SHIP's personnel due to Lincoln's need to review new discovery would cause a "cascade of delays" and disrupt the deposition schedule in the consolidated actions.   Order at 5-6.

Without considering any lesser sanction, the Court dismissed SHIP's Complaint with prejudice.

## **LEGAL STANDARD**

"[R]econsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court."  *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) (citations omitted).  "Alternatively, a motion for reconsideration may be granted to 'correct a clear error or prevent manifest injustice.'"  *Quaco v. Liberty Ins. Underwriters Inc.*, No. 17-cv-7980 (RJS), 2019 WL 3564548, at *1 (S.D.N.Y. Aug. 5, 2019) (quotations and citations omitted).  The decision to grant or deny reconsideration rests  within  "the sound  discretion  of  the  district court."  *See Aczel v. Labonia*, 584 F.3d 52, 61 (2d Cir. 2009) (quotations and citation omitted).

3

## ARGUMENT

I. **THE COURT OVERLOOKED CONTROLLING LAW BY DISMISSING THE COMPLAINT WITH PREJUDICE WITHOUT CLEAR EVIDENCE OF SHIP'S MISCONDUCT AND WITHOUT CONSIDERING LESSER SANCTIONS**

"A court has the inherent power to supervise and control its own proceedings and to sanction counsel or a litigant . . . for disobeying the court's orders[.]" *Mickle v. Morin*, 297 F.3d 114, 125 (2d Cir. 2002); *Link v. Wabash Railroad*, 370 U.S. 626 (1962) (dismissal with prejudice for failure to prosecute after long history of delaying tactics by plaintiff over three- year period).  Further, "Rule 41(b) of the Federal Rules of Civil Procedure authorizes the district court to dismiss an action when a plaintiff fails to comply with 'any order of the court.'"  *Lucas v. Miles*, 84 F.3d 532, 534-35 (2d Cir. 1996).

A Rule 41(b) "dismissal is a harsh remedy and is appropriate only in extreme situations."  *Lucas*, 84 F.3d at 535 (citation omitted).  And as the Second Circuit has repeatedly held, a Rule 41(b) dismissal with prejudice is proper only after a court makes highly specific factual findings that establish "clear evidence of misconduct:"

> [T]he sanction of dismissal with prejudice . . . *must be supported by clear evidence of misconduct and a high degree of specificity in the factual findings*.  Further, mindful that the sanction of dismissal with prejudice has harsh consequences for clients, who may be blameless, it should be used only in extreme situations, and even then only upon a finding of *willfulness, bad faith, or reasonably serious fault*[.]

*Mitchell*, 708 F.3d at 467 (emphasis added) (citations and quotations omitted).

In determining "[t]he correctness" of a dismissal based on a litigant's violation of a court order, the Second Circuit has identified five factors that should be considered: "(1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants

4

are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal." *Lucas*, 84 F.3d at 535 (citations omitted).  A district court has an "obligation to consider the relevant factors before dismissing an action – *especially the suitability of lesser sanctions*[.]"  *Mitchell*, 708 F.3d at 469 (emphasis added) (citation and quotations omitted)*.*  In *Mitchell,* the Second Circuit vacated a sanctions order that had greater evidence of misconduct than here, but noted that the district court  made no findings as to whether the delays leading to dismissal "were solely a result of [counsel's] actions and not those of his clients," and  remanded for the district court "to give explicit consideration to the full range of other available sanctions[.]" *Id.*

Here, as discussed below, the Court overlooked controlling law when it dismissed the Complaint *with prejudice* without (i) clear evidence, based upon detailed factual findings, of SHIP's willfulness, bad faith, or reasonably serious fault, and (ii) adequately considering lesser sanctions.  Reconsideration is therefore appropriate.

### A.   The Court Did Not Find Clear Evidence of SHIP's Willfulness, Bad Faith, or Reasonably Serious Fault

The Court did not find, based upon clear evidence, that SHIP's violation of the scheduling order was caused by willfulness, bad faith, or reasonably serious fault.  Notably, the Court acknowledged that SHIP's account of the events of April to July 2019 (when SHIP was required to retain conflicts counsel with no familiarity with the voluminous record, and obtain requisite internal and regulatory approvals) – "may explain why there was a delay in the filing."  Order at 3.  The Court found, however, that "SHIP's letter does not explain why SHIP or its counsel, prior to the deadline, did not ask this Court for an

extension of the deadline," and concluded that "SHIP offers no explanation for this failure, presumably because it has none." *Id.*

"No explanation" for SHIP's failure to request an extension is not the requisite clear evidence that SHIP willfully, or in bad faith, or with reasonably serious fault disregarded the scheduling order. Respectfully, it was error to dismiss the Complaint with prejudice without such a finding. *See Mitchell*, 708 F.3d at 469 (vacating sanctions order where court "made no findings as to, whether the [more serious pattern of] delays leading to dismissal were solely a result of [counsel's] actions and not those of his clients"). Not only because of the controlling Second Circuit standard, but also because of constitutional doubts that would arise from a dismissal with prejudice on the findings here. *See Societe Internationale Pour Participations Industrielles Et Commerciales, S. A. v. Rogers*, 357 U.S. 197, 212 (1958) (Rule 37 dismissal not authorized given "serious constitutional questions … when it has been established that failure to comply [with a production order] has been due to inability, and not to willfulness, bad faith, or any fault of petitioner").

With the attached declaration, SHIP now seeks leave to respond to the Court's concern as stated in the Order and provide the missing explanation for SHIP's failure to apprise the Court. *See Shrader*, 70 F.3d at 257 ("[I]n light of [movant's] introduction of additional relevant case law . . . we cannot say that the district court's decision to reconsider its earlier ruling was an abuse of discretion").

As the declaration details, SHIP's counsel mistakenly believed that SHIP's claims against Lincoln were not subject to the May 15, 2019 deadline because (i) the claims would be filed in a separate action and not in the consolidated actions, and (ii) Lincoln was not a new party, since SHIP and Lincoln were already parties to the consolidated actions. The

mistaken belief that the scheduling order did not apply to SHIP's new action against Lincoln was attributable only to SHIP's counsel, and was believed in good faith.[2]   There was no willful misconduct or bad faith on SHIP's part.   *See* Gold Decl. ¶¶ 3-10.

In presenting this information, SHIP is not seeking to minimize (or excuse) counsel's mistake.  Nor is SHIP contending that its violation of the scheduling order should not be sanctioned.   Rather, SHIP respectfully submits that, absent clear evidence of SHIP's willful misconduct or bad faith, dismissal with prejudice was inappropriate, given how drastic and disfavored this sanction is, and that under the circumstances, a lesser sanction should be considered.  *See Nita v. Conn. Dep't of Envtl. Protec.,* 16 F.3d 483, 486 (2d Cir. 1994) (vacating and remanding dismissal without prejudice where there was "no indication that the district court balanced its interest in calendar management against [plaintiff's] interest in vindicating her rights or that it considered imposing lesser sanctions").

### B.      The Court Did Not Give Adequate Consideration To Lesser Sanctions Other Than Dismissal With Prejudice

The Judgment (if not reconsidered) will likely extinguish forever SHIP's claims against Lincoln in connection with the Platinum/Beechwood fraud, notwithstanding that SHIP's claims against Lincoln are substantial and have not been litigated on the merits.[3]

---

[2] Indeed, some courts have permitted separate actions to proceed notwithstanding the expiration of a deadline to add new parties in a related action involving the same parties. *See, e.g.*,  *N. Assurance Co. of Am. v. Square D Co.,* 201 F.3d 84, 90 (2d Cir. 2000) (refusing to dismiss action against defendant notwithstanding that plaintiff moved unsuccessfully to join that defendant in related action after expiration of deadline to add new parties); *Fido's Fences, Inc., v. Radio Sys. Corp. & Invisible Fences, Inc.,* 999 F. Supp.2d 442, 454 (E.D.N.Y 2014) ("[a]lthough ordinarily we expect a plaintiff to bring all its related claims in a single lawsuit, no Federal Rule of Civil Procedure required plaintiff to move for leave to amend rather than file a new complaint") (citing *N. Assurance*, *supra*).

[3] Many courts treat a dismissal pursuant to Rule 41(b) as an adjudication on the merits for *res judicata* purposes even if the merits are not litigated.  *See, e.g.*, *Gaind v. Pierot*, No. 04-cv-9407 (TPG), 2006 WL 846268, at *4 (S.D.N.Y. March 31, 2006) (pursuant to

In imposing this ultimate sanction, the Court cited the prejudice that (according to Lincoln) would likely result if SHIP's Complaint against Lincoln were allowed to proceed. The Court noted that Lincoln would likely try to postpone depositions of SHIP's witnesses – currently scheduled for late September – until Lincoln obtains documents from SHIP relating to SHIP's claims against Lincoln.   The Court further found that delaying those depositions would, in turn, "cause a cascade of delays for other parties as well" and disrupt the schedule in the consolidated actions, prejudicing other parties.  Order at 5-6.

Respectfully, in reaching this conclusion, the Court did not adequately consider reasonable and fair alternatives to ameliorate the alleged prejudice claimed by Lincoln, and to impose a sanction less harsh than outright dismissal with prejudice.  *See Lucas*, 84 F.3d at 535 (propriety of Rule 41(b) dismissal depends on, *inter alia*, "whether the judge has adequately considered a sanction less drastic than dismissal") (citations omitted); *Dodson v. Runyon*, 86 F.3d 37, 39 (2d Cir. 1996) (sanction of dismissal "is pungent, rarely used, and conclusive" and "[a] district judge should employ it only when he is sure of the impotence of lesser sanctions") (citation and quotations omitted).

Because the Court did not allow SHIP to submit a reply to Lincoln's letter, SHIP never had the opportunity to respond fully to Lincoln's allegations of prejudice. Accordingly, SHIP seeks here to respond to those allegations, including providing more information that is relevant to ameliorating the alleged prejudice (and a potential sanction less drastic than dismissal). *See Richard Feiner & Co. v. BMG Music Spain,* No. 01-cv-

---

Rule 41(b), dismissal was "adjudication on the merits for the purposes of *res judicata*"); *but see Semtek Int'l Inc. v. Lockheed Martin Corp.,* 531 U.S. 497, 506 (2001) (dismissal "on the merits" pursuant to Rule 41(b) "barred refiling of the same claim in the [same federal court]" but was not  sufficient "for claim-preclusive effect" in another court).

937 (JSR), 2003 WL 21496812, at *1 (S.D.N.Y. June 27, 2003) ("new arguments" may be considered on motion for reconsideration if "there is some valid reason they could not have been previously advanced when the motion was originally argued") (citation omitted).

To the extent the Court permits reconsideration on this issue, SHIP respectfully submits the following additional information.

First, even if Lincoln requires more discovery from SHIP that is relevant to SHIP's claims against Lincoln, that would not require delaying depositions of SHIP's personnel that are scheduled for late September 2019 (currently, only two depositions of SHIP's personnel are scheduled for September 2019, *see* Gold Decl. ¶ 11).  The Court could, for example, (1) require SHIP to re-produce any witnesses deposed in September 2019 so Lincoln could re-depose them on issues related to the Complaint, and (2) order SHIP to provide expedited discovery to Lincoln before such depositions.   If the Court imposed these (or similar) lesser sanctions, there would be no need to delay any SHIP depositions scheduled for September 2019 and no resulting "cascade of delays" affecting other parties.

Significantly, no depositions are currently scheduled between November 28 and December 31, 2019.  Gold Decl. ¶ 13.  Thus, if Lincoln elected to re-depose any of SHIP's witnesses, there is adequate time for it to do so before discovery ends on December 31.[4] Further, the most important witness with respect to SHIP's claims against Lincoln is likely John Robison, SHIP's Chief Investment Officer.   Mr. Robison's deposition has been

---

[4] The Court also stated that "[r]equesting and reviewing [an] entirely new universe of documents from SHIP would require Lincoln to devote substantial additional resources to discovery."  Order at 5.  But there is no evidence that there would be a significant volume of new documents that would unfairly burden Lincoln.

noticed for November 27, 2019.   Gold Decl. ¶ 12.  Respectfully, there is ample time for Lincoln to obtain additional discovery from SHIP in order to prepare for that deposition.

In sum, dismissing SHIP's claim with prejudice is an extremely harsh remedy, given that four months are left in discovery, no depositions have occurred, and any prejudice to Lincoln can be ameliorated through lesser sanctions.

While SHIP believes that it would be most efficient for its claims against Lincoln to be litigated in this Court (in coordination with the consolidated actions, in order to streamline discovery), if the Court adheres to its original decision to dismiss SHIP's Complaint, the Court should make the dismissal *without prejudice.*  An "outright dismissal for reasons not going to the merits is viewed with disfavor in the federal courts." *Nagler v. Admiral Corp.,* 248 F.2d 319, 322 (2d Cir. 1957).  A dismissal with prejudice for violating a procedural order could have preclusive effect.  A dismissal without prejudice would enable SHIP to refile its claims in another court without disturbing the schedule of the consolidated actions.[5]

## CONCLUSION

SHIP respectfully requests that the Court reconsider the Order and Judgment and, upon reconsideration, (1) reinstate SHIP's Complaint, with appropriate measures to limit any prejudice to Lincoln, or (2) amend the Order and Judgment to provide that the dismissal shall be without prejudice to SHIP's ability to bring its claims in another court.

---

[5] Rule 41(b) provides that "*[u]nless the dismissal order states otherwise*, a dismissal . . . operates as an adjudication on the merits." FED. R. CIV. P. 41(b) (emphasis added).

DAI & ASSOCIATES, P.C.                    SEIDEN LAW GROUP LLP

By: _____      By: _____
    Amiad Kushner                         Dov B. Gold
    1500 Broadway, St. 2200               469 Seventh Avenue, Fifth Fl.
    New York, NY 10036                    New York, NY 10018
    (212) 730-8880                        (212) 523-0686

*Counsel for plaintiff Senior Health Insurance Company of Pennsylvania*

11