```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------- x
In re PLATINUM-BEECHWOOD LITIGATION   :    18-cv-6658 (JSR)
------------------------------------- x
SENIOR HEALTH INSURANCE COMPANY OF    :
PENNSYLVANIA,                         :
                                      :
         Plaintiff,                   :    19-cv-7137 (JSR)
                                      :
         -v-                          :
                                      :
LINCOLN INTERNATIONAL LLC, et al.,    :
                                      :    MEMORANDUM ORDER
         Defendants.                  :
------------------------------------- x
```

JED S. RAKOFF, U.S.D.J.

On July 30, 2019, plaintiff Senior Health Insurance Company of Pennsylvania ("SHIP") filed a complaint in the instant action against Lincoln International LLC and Lincoln Partners Advisors LLC (collectively, "Lincoln"), about a full two and a half months after the twice-extended deadline for the filing of any related actions or addition of new parties. ECF No. 5. As this belated filing of the complaint blatantly violated the Court's unequivocal order and the needs of all concerned, the Court asked the parties to make letter submissions explaining why the Court should or should not permit SHIP's complaint to proceed. After reviewing these submissions, the Court found that (1) there was no good cause excusing SHIP's violation of the scheduling order and (2) there would be significant prejudice to

Lincoln and related parties if the complaint were to proceed. ECF No. 16. The Court therefore dismissed SHIP's complaint with prejudice. Id.

Now before the Court is SHIP's motion for reconsideration. ECF No. 18. The gist of SHIP's argument is that the Court overlooked controlling case law related to when a dismissal with prejudice is proper in such circumstances. Plaintiff SHIP's Memorandum in Support of its Motion for Reconsideration, ECF No. 19 ("SHIP Mem."). Lincoln opposes. Defendants' Memorandum of Law in Opposition to SHIP's Motion for Reconsideration, ECF No. 22 ("Lincoln Opp."). For the reasons set forth below, the Court grants SHIP's motion, vacates its prior order dismissing the complaint with prejudice, and imposes the following ameliorative steps and sanctions on SHIP: (1) Lincoln may demand by September 20, 2019 additional documents relating to SHIP's instant complaint, which documents must be produced by September 30, 2019; (2) upon Lincoln's demand, SHIP is required to promptly re-produce for deposition by Lincoln any witnesses deposed in September 2019; and (3) within one week of the date of this Memorandum Order, SHIP must pay Lincoln the sum of $50,000 to mitigate the added costs that Lincoln has and will incur due to SHIP's failure to comply with the Court's order, and by way of a sanction.

## Analysis

The standard for granting a motion for reconsideration "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked - matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp. Inc., 70 F.3d 255, 257 (2d Cir. 1995).[1]

On the one hand, the Court agrees with Lincoln that none of the legal authority or additional factual explanations now proffered by SHIP change the Court's "fundamental conclusion that SHIP failed to show good cause for its untimely complaint." Lincoln Opp. 6. Nor does the Court accept SHIP's claims that it was not on notice that a dismissal with prejudice was being considered. SHIP Mem. 2.[2]

---

[1] Unless otherwise indicated, in quoting cases all internal quotation marks, alterations, emphases, footnotes, and citations are omitted.

[2] As early as August 5, 2019, Lincoln informed SHIP that, if SHIP does not withdraw the complaint, Lincoln would "seek relief from the Court, including dismissal of the complaint and an award of costs." Gold Decl., Ex. A. Furthermore, during the joint telephone conference dated August 7, 2019, the court asked the parties to submit letters explaining why the Court should or should not allow the complaint to proceed; indeed, SHIP itself wrote that the purpose of submitting the letter to the Court was "to request that the Court permit SHIP's complaint against Lincoln . . . to proceed notwithstanding that it was filed on

Nonetheless, the Court is now persuaded that the legal authorities now SHIP brings to the Court's attention warrant a less onerous result. See, e.g., Lucas v. Miles, 84 F.3d 532, 535 (2d Cir. 1996); Dodson v. Runyon, 86 F.3d 37, 39 (2d Cir. 1996). In particular, Dodson contends cautiously that, in such circumstances, "[a] district judge should employ [sanction of dismissal] only when he is sure of the impotence of lesser sanctions." Dodson, 86 F.3d at 39.

Based on the language from Dodson, the Court is now persuaded that the harm to Lincoln can be adequately mitigated by these steps, to wit: (1) Lincoln may demand by September 20, 2019 additional documents relating to SHIP's instant complaint, which documents must be produced by September 30, 2019; (2) upon Lincoln's demand, SHIP is required to promptly re-produce for deposition by Lincoln any witnesses deposed in September 2019; and (3) within one week of the date of this Memorandum Order, SHIP must pay Lincoln the sum of $50,000 to Lincoln to mitigate the added costs that Lincoln has and will incur due to SHIP's failure to comply with the Court's order. The latter payment will also serve as a sanction.

---

July 30, 2019." ECF No. 15, at 1. Indeed, this latter argument borders on the disingenuous.

In short, while the Court still finds SHIP's conduct to be egregious, it should not be deprived of its day in court on its complaint against Lincoln when lesser steps will suffice to mitigate the harms SHIP has caused.

A few housekeeping remarks follow. First, the parties are reminded that, except in the respects listed above, this new case is subject to the consolidated schedule previously entered in the overall litigation. See 18-cv-6658, ECF No. 587. Second, the parties are reminded to file all further documentation in this case on the master docket named In re Platinum-Beechwood Litigation with the case number 18-cv-6658 (JSR), in addition to filing on the present docket with the case number 18-cv-7137 (JSR). Third, SHIP is directed to promptly prepare and submit to the Court by September 30, 2019 a new version of the complaint that removes the excessive redactions, referred to in the Court's order dated August 6, 2019. ECF No. 13. Fourth, if Lincoln wishes to make a motion to dismiss the instant complaint on grounds other than untimeliness, the parties are directed to make a joint call to the chambers promptly to set a briefing schedule.

## Conclusion

For the reasons set forth above, the Court grants SHIP's motion, vacates its prior order dismissing the complaint with

prejudice, and imposes the following ameliorative steps and sanctions on SHIP: (1) Lincoln may demand by September 20, 2019 additional documents relating to SHIP's instant complaint, which documents must be produced by September 30, 2019; (2) upon Lincoln's demand, SHIP is required to promptly re-produce for deposition by Lincoln any witnesses deposed in September 2019; and (3) within one week of the date of this Memorandum Order, SHIP must pay Lincoln the sum of $50,000 to Lincoln to mitigate the added costs that Lincoln has and will incur due to SHIP's failure to comply with the Court's order, and by way of a sanction.

The Clerk of the Court is directed to close the entry at docket number 18 and vacate its final judgment dated August 21, 2019 in docket number 17.

SO ORDERED.

Dated: New York, NY
September 13, 2019

_____
JED S. RAKOFF, U.S.D.J.